IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
Hammond, Indiana

| | |
|---|---|
| **SALLY TONKOVICH**,<br><br>    Plaintiff,<br>vs.<br><br>**AMERISTAR CASINO EAST CHICAGO, LLC**,<br><br>    Defendant. | Civil Action no.:<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

The plaintiff, Sally Tonkovich,("Plaintiff"), hereby sets forth this action for violation of the Fair Labor Standards Act under 29 U.S.C. §216(b) as follows:

**PRELIMINARY STATEMENT**

1.  Plaintiff brings this action against Defendant, Ameristar Casino East Chicago, LLC, (hereinafter, "Ameristar" or "Defendant"), for unpaid overtime compensation and related penalties and damages. Defendants' practice and policy was to willfully fail and refuse to properly pay overtime compensation due Plaintiff. Doing so denied Plaintiff overtime pay and is a direct violation of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* (hereinafter, "FLSA").

2.  Defendants' practices are in direct violation of the FLSA and Plaintiff seeks injunctive and declaratory relief, overtime premiums for all overtime work required, suffered, or permitted by Defendants; liquidated and/or other damages as permitted by applicable law; and attorney's fees, costs, and expenses incurred in this action.

**PARTIES**

3. Plaintiff, Sally Tonkovich, is a United States citizen and citizen of Indiana, currently domiciled and residing in Lake County, Indiana. Plaintiff was employed by Defendant and worked for it at its East Chicago, Indiana location.

4. Defendant Ameristar Casino East Chicago, LLC, ("Ameristar") is an Indiana, for-profit, domestic limited liability company, headquartered out of East Chicago, Indiana, and operating a casino in East Chicago, Indiana.

5. At all relevant times, Defendant has been, and continues to be, an "employer" engaged in the interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. §203. At all relevant times, Defendant has employed, and/or continues to employ, "employee[s]," including Plaintiff and each of the putative representative action plaintiffs.

6. At all times relevant herein, Defendant has had gross operating revenues in excess of $500,000.00 (five hundred thousand dollars).

**JURISDICTION AND VENUE**

7. This court has original federal question jurisdiction under 28 U.S.C. § 1311 for the claims brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.;* and this court has personal jurisdiction because Defendant conducts business within this court's district.

8. Venue is proper in this court pursuant to 28 U.S.C. §1391(b), inasmuch as the Defendant has offices, conducts business, and can be found in the Northern District of Indiana, and the causes of action set forth herein have arisen and occurred in the Northern District of Indiana. Venue is also proper under 29 U.S.C. §1132(e)(2) because Defendants has substantial business contacts within the state of Indiana.

**Facts Giving Rise to Plaintiff's Claims Under the FLSA**

9. Plaintiff hereby incorporates by reference paragraphs 1 through 8 of this complaint as though they were herein set forth in full.

10. Plaintiff began working for Defendant on or about 1997.

11. While Plaintiff has served under various titles, she has been a salaried employee during her entire employment.  Her title, upon her separation from Ameristar in October, 2012, was Recruiter.

12. During all times relevant to this complaint, Plaintiff was treated by Ameristar as exempt from the FLSA, and therefore not paid overtime compensation.

13. Plaintiff regularly worked more than forty (40) hours in a given workweek, but was not compensated at a rate of one and a half times her regular rate of pay.

14. Plaintiff had no actual supervisory authority over any other employee.

15. The primary duties of Plaintiff were to assist in the recruiting of new hires at Ameristar. Specifically, Plaintiff's normal daily tasks as a Recruiter were to:

(a) Review the pool of applicants already pre-selected by a computer program called HR Logics;

(b) Conduct an initial interview of chosen applicants;

(c) Scheduling appointments for new hires to receive badges;

(d) Conduct one job fair a year; and

(e) Stuff envelopes for mailings, when asked by a manager.

16. Plaintiff was expected by her supervisors, Plaintiff's Human Resources Manager and Human Resources Director, to strictly follow guidelines and matrices set forth by Ameristar, and deviation from the same could result in correction.

17. Plaintiff did not conduct final hiring interviews, nor did she make final decisions on hiring/firing; individual department heads performed that function.

18. Plaintiff did not track and submit payouts for team member referrals; the human resources secretarial staff performed that function.

19. Plaintiff did not create or place hiring advertisements; individual department heads performed that function.

20. Plaintiff was not responsible for project management or to generate ideas to produce new recruitment sources

21. Plaintiff did not create, set, or establish any of Defendant's practices or policies. Indeed, Plaintiff does not hold a college degree or certificate, nor does she have any specialized training with respect to human resources.

22. Despite the actual job duties of Plaintiff Ameristar improperly classified her as exempt from the overtime pay mandates of the FLSA.

23. Based on the actual hours worked Plaintiff was entitled to overtime pay.

24. Ameristar did not, and does not, keep a record of the hours worked by Plaintiff or any other Recruiter.

25. Ameristar was aware, or should have reasonably been aware, that Plaintiff was misclassified as exempt from overtime.

26. Plaintiff has suffered unpaid wages due to Ameristar's FLSA violations.

### COUNT ONE: VIOLATIONS of OVERTIME and RECORD-KEEPING

27. Plaintiff hereby incorporates by reference paragraphs 1 through 26 of this complaint as though they were herein set forth in full.

28. Defendant is a "covered employer" as defined by the FLSA.

29. Plaintiff is a "covered entity", as defined by the FLSA.

30. Plaintiff is a "non-exempt", "covered employee", as defined by the FLSA.

31. The FLSA requires each covered employer, such as Defendants, to compensate all non-exempt employees at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a work week.

32. Plaintiff regularly worked in excess of forty hours in a workweek.

33. Defendant failed to compensate Plaintiff at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a work week.

34. Defendant's actions and omissions have violated, and continue to violate, the FLSA by, *inter alia*: failing to pay Plaintiff for certain overtime hours at a rate equal to or greater than one and one-half times the regular rate at which she was employed and failing to keep accurate records of hours worked.

35. Defendant's failure to comply with the FLSA caused Plaintiff to suffer loss of wages.

36. Plaintiff seeks damages in the amount of all respective unpaid overtime compensations at a rate of one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, plus liquidated damages, as provided by the FLSA, 29 U.S.C. §216(b), and such other legal and equitable relief as the court deems just and proper.

37. Plaintiff also seeks recovery of all attorneys' fees, costs, and expenses of this action, to be paid by Defendant, as provided by the FLSA, 29 U.S.C. §216(b).

### COUNT TWO – VIOLATIONS OF THE INDIANA MINIMUM WAGE LAW

38. The Plaintiff hereby incorporates by reference paragraphs 1 through 37 of this Complaint into this count.

39. To the extent Defendant is not subject to the minimum wage provisions of the federal Fair Labor Standards Act of 1938, as amended, Defendant is an "employer" for purposes of the Indiana Minimum Wage Law of 1965, I.C. §22-2-2, *et seq*. ("IMWL"); to wit, Defendant is an individual, partnership, association, limited liability company, corporation, business trust, the state, or other governmental agency or political subdivision that employs two (2) or more employees during a given workweek.

40. Defendant failed to pay Plaintiff and the other Senior Specialists - Network Support minimum wage, or an amount equal to minimum wage, or overtime, as required by the IMWL.

41. Defendants' failure to comply with the IMWL caused Plaintiff and the other Senior Specialists - Network Support to suffer loss of wages thereon.

42. Pursuant to IC 22-2-2-9, Plaintiff brings this action for and on behalf of herself and all other employees of the same employer who are similarly situated.

43. Pursuant to IC 22-2-2-9, Plaintiff and the other Senior Specialists - Network Support are entitled to three (3) years of wages owed, an equal amount in liquidated damages, as well as costs and attorneys' fees.

**WHEREFORE**, Plaintiff prays for relief as follows:

a. Declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. §201, *et seq.,* or alternatively, under the Indiana Minimum Wage Law of 1965;

b. An injunction against Defendant and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

c. Judgment in favor of Plaintiff and against Defendants on their claims for overtime pay under the FLSA (or, alternatively the IMWL), with an award of damages for overtime compensation due to Plaintiff, including liquidated damages;

d. Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;

e. Pre-judgment and post-judgment interest, as provided by law; and

f. Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

Respectfully submitted,

/s/ Marissa McDermott
Marissa McDermott
Indiana Attorney 22465-64
MCDERMOTT LAW OFFICE
marissa@mcdermottlegal.net
Attorney for Plaintiffs
9013 Indianapolis Boulevard
Highland, Indiana 46322
Phone: (219) 838-9200
Facsimile: (219) 972-7110